George T. CASTLE, Plaintiff,

v.

EDWARDIAN ENTERPRISES, INC., a Mississippi corporation, doing business as Buster's Service Center, Defendant.

No. EC 73–86–S.

United States District Court,
N. D. Mississippi, E. D.

July 30, 1974.

J. Tyson Graham, Stone & Graham, Columbus, for plaintiff.

Hugh V. Smith, Jr., Montgomery, Ala., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiff George T. Castle, by the action sub judice, seeks to recover from defendant Edwardian Enterprises, Inc., a Mississippi corporation d/b/a Buster's Service Center, certain unpaid overtime compensation which plaintiff claims to be due him by defendant pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq.

The action was tried to the court without a jury at the United States Courthouse, Oxford, Mississippi on July 26, 1974. The parties have submitted the action to the court on the record and the evidence adduced at the hearing. This memorandum contains the court's findings of fact and conclusions of law for which provision is made in Rule 52, Federal Rules of Civil Procedure.

Plaintiff was employed by defendant in June 1972 and continued in this employment until August 1973. Defendant's employment was terminated at that time. During this period plaintiff worked 12 hours a day for six days in the work week. Plaintiff was paid straight time hourly compensation at the rate of $2.25 per hour. Defendant was not paid any overtime compensation during the pertinent period. The number of overtime hours worked by plaintiff and for which he has not received overtime compensation amounted to 1392 hours.

If plaintiff is entitled to recover overtime compensation the amount is computed as $1,566.00 ($1.125 per hours × 1392 hours = $1,566.00). Plaintiff also sues for an additional equal amount of liquidated damages and a reasonable attorney's fee.[1]

The coverage of the Act is not in serious dispute. Defendant admits that during the pertinent period defendant operated a single place of business under one roof. In the establishment or enterprise defendant was and is now engaged in the purchase and sale of new and used automobiles. Defendant also operated and now operates a body shop, an auto repair shop or garage, a filling station at which automobiles and other vehicles are serviced and an auto parts sales department. Defendant's gross annual volume during the pertinent period was in excess of $250,000.00.

The uncontroverted facts do not support any exemption from the coverage of the Act by the defendant or by the plaintiff. Specifically, the defendant does not operate any retail or service establishment within the meaning of 29 U.S.C.A. § 213(a)(2), nor was plaintiff during the pertinent period a salesman, partsman or mechanic as provided in 29 U.S.C.A. § 213(b)(10).

The court concludes after a consideration of the record and the evidence introduced at the hearing that plaintiff's employment was covered by the Act, and that he is entitled to receive the benefits thereof.[2]

After plaintiff's employment was terminated, an agent of the United States Department of Labor, Wage and Hour Division, checked defendant's operation

---

1. Section 16 of the Act, 29 U.S.C.A. § 216, provides, in part:

   Any employer who violates the provisions of section 206 or section 207 of this title [minimum wage and maximum hours] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judg-

   ment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

2. 29 U.S.C.A. § 207 provides, in part, that a covered employee shall receive "not less than one and one-half times the regular rate at which he is employed" for all hours worked by him in a work week in excess of 40 hours.

and found defendant to be in violation of the Act. The agent determined that defendant owed plaintiff overtime compensation in the sum of $1,240.02. Defendant was afforded the opportunity of correcting the violation. On September 4, 1973, defendant issued and delivered to plaintiff its check for $1,240.02. At the time of delivery of the check defendant secured a receipt therefor from the plaintiff which was used by defendant to evidence compliance with the agent's award. However, defendant stopped payment on the check and when plaintiff presented the check to the bank the next day for payment, the bank refused to pay the same because of the stop order.

Plaintiff owed defendant when plaintiff left defendant's employment the sum of $1,957.62 for advances made and money loaned to plaintiff during the period of his employment. Defendant contends that since plaintiff's debt is in excess of the amount of overtime compensation alleged to be due, plaintiff should not recover any amount from defendant but defendant should have and recover of and against plaintiff the difference between the two claims.

It is undisputed that the advances were not made in payment of overtime compensation, but were unconnected with plaintiff's wage payments. Defendant carried the indebtedness on its books as an account receivable.

A covered employee is entitled to payment of minimum wages and overtime compensation in accordance with the provisions of the act. Where the employer fails to make payment as required, the employee is entitled to the benefits of 29 U.S.C.A. § 216, and to recover in an action such as the one sub judice, unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages and reasonable attorney's fees.

The liquidated damages and attorney's fees constitute the penalty for the violation of the act by the employer. The jurisdiction of the court in the action sub judice is apparent. 29 U.S.C.A. § 216 (b); 28 U.S.C.A. § 1337.

In summary, the court finds that plaintiff is entitled to recover of defendant the sum of $1,566.00 as unpaid overtime compensation due and the sum of $1,566.00 as liquidated damages, or the aggregate sum of $3,132.00.

 The plaintiff made it known to the court at the hearing that the defendant should receive a credit against the aforesaid sum of the amount due by plaintiff to defendant in the amount of $1,957.62. Such a credit is not contested by plaintiff. Accordingly, the judgment should be for the sum of $1,174.38, cancelling plaintiff's indebtedness to the defendant.

Plaintiff is also entitled to recover of defendant a reasonable attorney's fee as such is expressly made mandatory in the Act. The court fixes the reasonable attorney's fees for plaintiff in the sum of $1,500.00.

Let judgment enter for the sum of $2,674.38, being $1,174.38 balance due on the overtime claim of plaintiff against defendant, and the sum of $1,500.00 as attorney's fee.